UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCUS L LEWIS,

          Plaintiff,

v.

          Case No. 24-cv-0918-bhl

CITY OF CUDAHY, et al

          Defendants.

## SCREENING ORDER

On July 19, 2024, Marcus L. Lewis, proceeding *pro se*, filed a complaint against the City of Cudahy, Impact Drug and Alcohol Treatment Center, and eight individuals,[1] alleging violations of federal law. (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 3.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

Lewis reports that he is unmarried and unemployed, with no dependents and no monthly income. (ECF No. 3 at 1–2.) His only income in the last twelve months was a $678.24 refund from Milwaukee Area Technical College (MATC) and he has $4.83 in cash or accounts and no other assets. Lewis also lists monthly expenses totaling $103.11 ($53.11 for a cell phone and $50 for food) and indicates he was fired from his job and is currently homeless. (*Id.* at 2–4.) On this record, Lewis is sufficiently indigent for a fee waiver.

### SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with

---

[1] Janet Morris, Bradley Summers, Michael Marcucci, Madeline Ohm, Jeremiah Szydel, Thomas McAdams, Craig A. Bultman, and Aaron Agenten.

the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ANALYSIS

Lewis's complaint does not include "a short plain statement of the claim showing that the pleader is entitled to relief," as Rule 8 requires. Instead, the complaint rambles on, listing a series of legal terms, constitutional amendments, and citations to statutes, but without explaining how they apply to him or the identified defendants. (ECF No. 1 at 2–3.) The allegations appear to relate to a February 26, 2020 traffic stop in Cudahy and events that followed, but Lewis does not explain what specifically happened or how his rights may have been violated. (*Id.* at 3.) Lewis attaches a twenty-two page document to the complaint form, but the additional 164 paragraphs in the attachment do not help clarify things. (ECF No. 1-1.) The attachment includes another list of long legal terms, constitutional amendments, and citations to statutes, but again without any clear indication of how those terms are implicated. (*Id.*) Lewis also attaches another 41 pages of annotated police reports. (ECF No. 1-2.) Neither these reports nor the annotations shed light on

Lewis's specific claims. Lewis's complaint uses the words "hate" and "discrimination" but again does not connect these words to specific factual allegations. (ECF No. 1 at 2–3.) Lewis also provides a 40-min dashcam video apparently showing the February 26, 2020 traffic incident. (ECF No. 2.) Lewis seeks "punitive damages with financial compensation" of $950,000. (*Id.* at 4.)[2]

Lewis's complaint violates Rule 8(a)(2) and will therefore be dismissed. From the materials filed, neither the Court nor the defendants have fair notice of Lewis's claims. If Lewis wishes to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Lewis must use the Court's form if he chooses to amend his pleading. Lewis should try to focus his allegations on the specific facts and actions of the defendants that he believes violated his rights. If the space in the form is insufficient, Lewis may add up to **five** additional pages. Hopefully, by focusing his allegations into a shorter statement, Lewis's claims will be more clear. The Court will allow him an additional 30 days, or until **November 4, 2024** to file an amended complaint. Failure to file an amended complaint within this time period may result in dismissal of this action. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action.

Further, Lewis is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)). Moreover, the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under Section 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Nor does Section 1983 create collective or vicarious responsibility. *Id*. Thus, with respect to any claim or claims advanced in his amended complaint, Lewis must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

---

[2] On August 9, 2024, Lewis attempted to supplement his complaint with additional materials, including another confusing list of allegations, copies of state court documents, and several audio recordings. (ECF Nos. 5 & 6.) These supplementary materials are also unhelpful in determining the exact nature of Lewis's claims.

**IT IS HEREBY ORDERED** that Lewis's motion for leave to proceed without prepayment of the filing fee, ECF No. 4, is **GRANTED**.

**IT IS FURTHER ORDERED** that if Lewis wishes to proceed with this lawsuit, he must file an amended complaint. The amended complaint must be filed with the Court on or before **November 4, 2024**. If the Court does not receive Lewis's amended complaint by that date, the case will be dismissed for Lewis's failure to prosecute pursuant to Civil L. R. 41(c).

Dated at Milwaukee, Wisconsin on October 4, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge