UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCUS L LEWIS,

        Plaintiff,                         Case No. 24-cv-0918-bhl

v.

CITY OF CUDAHY, et al

        Defendants.

## SCREENING ORDER

On July 19, 2024, Marcus L. Lewis, proceeding *pro se*, filed a complaint against the City of Cudahy, Impact Drug and Alcohol Treatment Center, and eight individuals,[1] alleging violations of federal law. (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 3.) On October 4, 2024, the Court screened Lewis's complaint and concluded that while Lewis had established his indigency, his complaint failed to state a claim on which relief could be granted. The Court allowed Lewis additional time to file an amended complaint, which he did on November 1, 2024. (ECF No. 8.) Then, on November 6, 2024, Lewis filed a 31-page document also labeled "Amended complaint." (ECF No. 9.) Because neither of these filings states a claim, Lewis's case will be dismissed.

### SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

---

[1] Janet Morris, Bradley Summers, Michael Marcucci, Madeline Ohm, Jeremiah Szydel, Thomas McAdams, Craig A. Bultman, and Aaron Agenten.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ANALYSIS

The Court dismissed Lewis's initial complaint at screening because it did not "include 'a short [and] plain statement of the claim showing that the pleader is entitled to relief,' as Rule 8 requires." (ECF No. 7 at 2 (quoting Fed. R. Civ. P. 8(a)).) The Court noted that "[i]nstead, the complaint rambles on, listing a series of legal terms, constitutional amendments, and citations to statutes, but without explaining how they apply to [Lewis] or the identified defendants. (*Id.*) The Court provided Lewis the opportunity to address these deficiencies in an amended complaint, but his latest filings are even more confusing. Lewis has filed two documents, five days apart, each labeled as an amended complaint. (*See* ECF Nos. 8 & 9.) It is unclear if he wishes the Court to consider both documents together as his amended complaint, if the second filing is meant to supersede the first, or if Lewis intended something else entirely.

Over both documents labeled his amended complaint, Lewis provides 35 pages of impossible-to-follow allegations that jump from a traffic stop in Cudahy, to court cases in both Milwaukee and Cudahy, to other seemingly disconnected events, some of which appear not to involve Lewis at all. Interspersed with his factual allegations are long block quotes, lists of legal terms and purported violations of various rights, and citations to statutes, all without appropriate context. While *pro se* pleadings are held to a less stringent standard than those drafted by lawyers, *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), Lewis is still required to satisfy Rule 8. Like his

initial complaint, his amended complaint does not provide "a short and plaint statement" of Lewis's claim or claims sufficient to provide notice to any defendant of the allegations against him or her. *See* Fed. R. Civ. P. 8(a)(2).

Accordingly, Lewis's amended complaint is dismissed for failure to state a claim, this time without leave to amend. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("Leave to amend need not be granted . . . if it is clear that any amendment would be futile.").

**IT IS HEREBY ORDERED** that Lewis's amended complaint, ECF Nos. 8 & 9, and this lawsuit are **DISMISSED** for failure to state a claim. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on November 8, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge